# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY WHITE,
Inmate No. A-486503

                Petitioner,    :     Case No. 3:85-cv-025

  - vs -                               District Judge Walter H. Rice
                                             Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
  London Correctional Institution
                                             :
                Respondent.

# REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Motion to Revive Judgment (ECF No. 54) in which he claims that the Ohio Adult Parole Authority has never complied with this Court's Order of July 31, 1991, to conduct a final parole revocation hearing relevant to Clark County Court of Common Pleas Cases 14622 and 79-CR-262. Petitioner seeks to revive that judgment and have it enforced.

Petitioner previously filed this Motion under Case No. 3:18-cv-289 and was advised that it must be filed under the case number in which the judgment was entered (ECF Nos. 12, 13, & 19 in the 289 case). In anticipation of the re-filing of this Motion under the above correct case number, the Magistrate Judge attempted to obtain the case file from the National Archives and was advised it had been destroyed. *Id.* at ECF No. 19. In the meantime, the Motion to Revive was denied under the 289 case number "without prejudice to its renewal if Petitioner can furnish adequate evidence of its existence." *Id.* Petitioner has furnished no evidence at all except his own word.

1

However the docket entry for July 31, 1991, shows that Judge Rice did direct "Respondent to grant petitioner new parole revocation hearing in accordance with this opinion." (Doc. No. 51.)

On November 16, 2018, the Court ordered the Ohio Adult Parole Authority to respond to the Motion to Revive not later than December 15, 2018. The Parole Authority has now done so (ECF No. 58) and contemporaneously filed portions of the State Court Record (ECF No. 57).

The Parole Authority's response confirms that no copy of the judgment sought to be revived exists in its records or in the records of the Ohio Attorney General relating to this case. The Response also shows that while this case was pending, i.e., on June 12, 1989, White was convicted of new felony offenses, including aggravated robbery with a firearm. He was later granted parole release on November 17, 2003, and again convicted of aggravated robbery and given an eight-year sentence to run concurrently with his 1969, 1979, and 1989, sentences (State Court Record, ECF No. 57, Exhibit 11, PageID 46-47). Petitioner is apparently scheduled for renewed Parole Authority consideration of his case in 2020.

Although no evidence of the content of this Court's 1991 judgment has been presented, Parole Authority counsel hypothesizes it may have ordered relief parallel to that provided by consent decree in *Kellogg v. Shoemaker*, 927 F. Supp. 244 (S.D. Ohio 1996). White was a member of the Kellogg class and expressly waived his right to a mitigation hearing under the consent decree.

# Analysis

Petitioner brings this Motion pursuant to Fed. R. Civ. P. 70 to have the 1991 judgment "revived" and enforced. Rule 70 does not speak to reviving dormant judgments and a final judgment or decree of this Court in a habeas corpus case does not become "dormant" in the sense that a state court judgment for damages for example might become dormant and be required to be revived before it could be enforced.

"[H]abeas corpus has traditionally been governed by equitable principles. *United States ex rel Smith v. Baldi,* 344 U.S. 561, 573 [1953]. Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks." *Fay v. Noia*, 372 U.S. 391, 438 (1963).

Two equitable principles cut strongly against granting Petitioner relief. The first is the defense of laches which Respondent raises by noting how untimely the Motion is. The Order in question was issued on July 31, 1991. Petitioner waited more than twenty-six years to attempt to enforce it. As the Court and Respondent have noted, the delay has made it impossible to enforce the Order because no file exists that contains the Order, which less evidence of the context out of which it arose. Petitioner has offered no excuse for his extreme delay in seeking enforcement.

The other equitable principle, adverted to by Justice Brennan in *Fay v. Noia,* is that of unclean hands. White seeks a final parole release hearing on his 1969 and 1979 armed robbery convictions. But since he filed this habeas corpus case, he has twice been given parole release and violated that parole by committing again, on two occasions, the offenses which resulted in his

incarceration.  White's behavior disentitled him to equitable enforcement of the 1991 Order.

Based on the foregoing analysis, it is respectfully recommended that the Motion to Revive and Enforce be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 18, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).