IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREGORY WHITE,
Inmate No. A-486503

      Petitioner,  : Case No. 3:85-cv-025

 - vs -          District Judge Walter H. Rice
              Magistrate Judge Michael R. Merz

NORMAN ROBINSON, Warden,
 London Correctional Institution
              :
      Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

   This case is before the Court on Petitioner's Motion to Revive Judgment (ECF No. 54). Because the relief Petitioner seeks is court-ordered release from custody, the Court has construed his Motion to Revive as a habeas corpus petition (Transfer Order, ECF No. 61, PageID 135). Having done so, the Court found White had three previous habeas corpus applications attacking the same underlying judgment (Case Nos. 3:07-cv-025, 3:15-cv-092, and 3:18-cv-289[1]). Because of that fact, the instant Motion was found to be a second or successive habeas application which this Court has no jurisdiction to decide and ordered transferred to the Sixth Circuit. *Id.* at PageID 136. Effectiveness of the Transfer Order was delayed to allow White to make objections, which he has now done (ECF No. 64). The Warden has also objected to the Transfer Order (ECF No.

---

[1] Case No. 3:18-cv-289 has been transferred to the Sixth Circuit for second or successive consideration and remains pending in that court.

1

65). Judge Rice has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 66).

**Petitioner's Objections**

Petitioner White objects to having his Motion to Revive characterizes as a second or successive habeas application because he asserts his claim that his sentences have all expired "was not 'ripe' in 1969, 1979, or 1991." (Objections, ECF No. 64, PageID 148). However, they certainly were ripe when White filed his habeas Petition in Case No. 3:18-cv-289 (See ECF No. 1-1 in that case at PageID 14). This Court transferred 3:18-cv-289 to the Sixth Circuit which determined that that case was second or successive to Case No. 3:15-cv-092 and denied White permission to proceed. *In re: Gregory G. White,* Case No. 18-3873 (6th Cir. Jan. 8, 2019)(unreported; copy at ECF No. 21). That decision of the Sixth Circuit is binding on this Court[2]. Accordingly, to the extent the Court finds the Motion to Revive to be a habeas application, it must transfer the case to the Sixth Circuit.

**Warden's Objections**

The Warden also objects to characterization of the Motion to Revive as a habeas application because the request for release, which triggered that characterization, was only made in White's Reply to the Warden's Motion to Dismiss (ECF No. 65, citing Reply, ECF No. 60). The Warden argues that new issues or claim cannot be raised in a reply memorandum. *Id.* at PageID 154, citing

---

[2] See jurisdictional addendum below

*In re First Energy Corporation Securities Litigation*, 316 F. Supp. 2d 581 (N.D. Ohio 2004), relying on *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir. 2002), and *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001).

The Warden's objection is well-taken. Petitioner made his claim for release only in a reply memorandum. Moreover, the original Motion to Revive did not seek release, but mandamus to compel a parole hearing.

**Jurisdictional Addendum**

In its Order denying White permission to proceed in Case No. 3:18-cv-289, the Sixth Circuit criticized this Court's handling of the matter as follows:

> As an initial matter, a review of the district court's docket shows that, after it transferred White's second or successive petition to this court, it reviewed White's objections to the transfer order, issued two recommittal orders in response to those objections, and directed the magistrate judge to issue supplemental reports and recommendations to address White's objections. Pursuant to *Jackson v. Sloan,* 800 F.3d 260 (6th Cir. 2015), the district court erred when it considered White's objections and issued subsequent orders addressing those objections after the transfer order was docketed in this court. In *Jackson*, we held that, when a district court transfers a habeas petition to a circuit court of appeals for consideration as a second or successive petition, the district court loses jurisdiction over the matter when the transferee court dockets the case. Id. at 261. Thus, once this case was docketed on September 17, 2018, the district court lost jurisdiction and therefore should have declined to address White's objections.

*In re White, supra*. (copy at ECF No. 21, PageID 139). In that case the Magistrate Judge also entered a Transfer Order on September 10, 2018, but expressly provided "[t]o protect White's right to review of this Order by an Article III judge, the Clerk shall delay transfer until the objection period has expired or Judge Rose has overruled any objections, whichever is later." (Case No.

3:18-cv-289, ECF No. 7, PageID 94). The docket in that case shows the District Court Clerk sent Judge Rose's Entry and Order Overruling White's Objections to the Sixth Circuit on November 9, 2018. Because the Transfer Order was not final until the District Judge's Order, it should not have been docketed in the Sixth Circuit until after the Entry was filed on November 7, 2018.

What was filed in the Sixth Circuit on September 17, 2018, was a copy of the Transfer Order, containing the delaying language above, and a copy of the Petition, labeled by the docketer as "Second Successive Motion." (Docket in 6th Cir. Case No. 18-3873). Judge Rose's Entry approving the transfer was never docketed in the Sixth Circuit, despite the docket notation in this Court that it was sent. While this Court takes seriously its obligation not to attempt to exercise jurisdiction over a matter in the Sixth Circuit per *Jackson v. Sloan, supra.*, this Court was not notified that a Sixth Circuit case had been opened. Ordinarily the Clerk of that Court notifies this Court immediately when a case is opened.

In any event, there is no jurisdictional bar to taking the action recommended below in this case because, so far as this Court is aware, no Sixth Circuit case has been opened regarding the Motion to Revive.

**Conclusion**

In accordance with the foregoing analysis, the Transfer Order (ECF No. 61) should be VACATED and the Motion to Revive should be denied based on the reasoning set forth in the Report and Recommendations of December 18, 2018 (ECF No. 59). Because any appeal from

4

dismissal of the Motion to Revive would be objectively frivolous, White should not be permitted to appeal *in forma pauperis*.

January 24, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).